UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Catherine Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-CV-50213 |
| v. | ) | |
| | ) | |
| School District 158, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF EMPLOYMENT DISCRIMINATION

For its Answer and Affirmative Defenses to Plaintiff Catherine Johnson's *pro se* Complaint of Employment Discrimination,[1] Defendant Huntley Community School District 158, sued as "School District 158," states:

1.      This is an action for employment discrimination.

   **Answer:**      Defendant admits the allegations of paragraph 1.

2.      The plaintiff is Catherine Johnson of the County of McHenry in the State of Illinois.

   **Answer:**      Defendant admits the allegations of paragraph 2.

3.      The defendant is School District 158, whose street address is 650 Dr. John Burkey Drive, (city) Algonquin (county) McHenry (state) Illinois (ZIP) 60102.

   **Answer:**      Defendant admits that the Plaintiff sued an entity called "School District 158." Defendant's correct identity is Huntley Community School District 158. Defendant admits the remaining allegations of paragraph 3.

4.      The plaintiff sought employment or was employed by the defendant at 650 Dr. John Burkey Drive, (city) Algonquin (county) McHenry (state) Illinois (ZIP code) 60102.

---

[1] Defendant is responding to the complaint that was formally filed with the Court on May 25, 2021.

**Answer:** Defendant admits the allegations of paragraph 4.

5. The plaintiff was employed but is no longer employed by the defendant.

**Answer:** Defendant admits the allegations of paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, January 21, 2021.

**Answer:** Defendant denies the allegations of paragraph 6.

7.1

(a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) the United States Equal Employment Opportunity Commission, on or about April 13, 2021.

(ii) the Illinois Department of Human Rights, on or about April 13, 2021.

(b) If the charges *were* filed with an agency indicated above, a copy of the charge is attached. <u>X</u> Yes __ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**Answer:** Defendant admits the allegations of paragraph 7.1

7.2 The Defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in thus court complaint.

<u>X</u> Yes: April 13, 2021

(b)    The Plaintiff received a Final Agency Decision on May 4, 2021.

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

X Yes

(ii) Final Agency Decision

X Yes

**Answer:**    Defendant denies the allegations of paragraph 7.2.

8.    The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the Plaintiff on May 4, 2021, a copy of which *Notice* is attached to this complaint.

**Answer:**    Defendant admits that the Equal Employment Opportunity Commission issued a *Notice of Right to Sue* to the plaintiff on May 4, 2021. Defendant lacks sufficient information to form a belief as to when the *Notice of Right to Sue* was received by the plaintiff. Defendant denies the remaining allegations of paragraph 8.

9.    The defendant discriminated against the plaintiff because of the plaintiff's Disability (Americans with Disabilities or Rehabilitation Act).

**Answer:**    Defendant denies the allegations of paragraph 9.

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**Answer:**    Defendant denies the allegations of paragraph 10.

3

11.     Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the ADA by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

> **Answer:**     Defendant admits that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12.     The defendant terminated the plaintiff's employment [and] failed to stop harassment.

> **Answer:**     Defendant denies the allegations of paragraph 12.

13.     The facts supporting the plaintiff's claim of discrimination are as follows:
I was discharged after filing with the EEOC. The reason I filed is because I was told to no longer report to work and that they would pay me for 1 year. On 1-28-21 I received an email from the school district stating I was fired for seeking medical treatment.

> **Answer:**     Defendant denies the allegations of paragraph 13.

14.     **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

> **Answer:**     Defendant denies the allegations of paragraph 14.

15.     The plaintiff demands that the case be tried by a jury. __ Yes     X No.

> **Answer:**     Defendant admits the allegation of paragraph 15.

16.     Therefore, the plaintiff asks that the court granting the following relief to the plaintiff:
Direct the defendant to pay off the defendant's tenure through age 63 at which time a pension will be granted.

If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, and costs, including reasonable attorney fees and expert witnesses fees.

Grant such other relief as the Court may find appropriate.

**Answer:** Defendant admits that paragraph 17 contains several requests for relief. Defendant denies that the plaintiff is entitled to any of the relief requested in paragraph 17.

WHEREFORE, Defendant Huntley Community School District 158, sued as "School District 158," requests that the Plaintiff's complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSE ONE: STATUTE OF LIMITATIONS/FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1. The Plaintiff began working for the Defendant in August 2004.

2. From then until approximately February 16, 2017, the Plaintiff occasionally requested—and was granted—personal leave to treat depression, anxiety, and an eating disorder.

3. Some time prior to February 16, 2017, the Plaintiff falsely alleged that she was sexually assaulted in the home of one of her supervisors.

4. On February 16, 2017, the Defendant placed the Plaintiff on paid administrative leave.

5. On June 6, 2017, the Plaintiff filed a Charge of Discrimination against the Defendant with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) ("the 2017 Charge"). A true and correct copy of the 2017 Charge is attached hereto as **Exhibit A**.

6.     On September 6, 2017, the Plaintiff and the Defendant entered into a Separation Agreement. A true and correct copy of the Separation Agreement is attached hereto as **Exhibit B**.

7.     Pursuant to the express terms of the Separation Agreement, the Plaintiff was to "irrevocably resign[] her employment with the [Defendant] effective at the end of the day on the first of the following to occur: (1) December 31, 2017; or (2) the date that [the Plaintiff] secures alternative employment in one or more positions with a gross rate of pay exceeding four thousand one hundred sixty-seven dollars ($4,167.00) per month."

8.     Pursuant to the express terms of the Separation Agreement, the Plaintiff was required to dismiss the 2017 Charge within ten days of execution of the agreement. See Exhibit B at 3, ¶ 7B.

9.     On September 13, 2017, the Plaintiff transmitted a Request for Withdrawal of Charge of Discrimination to the EEOC ("the 2017 Withdrawal"). A true and correct copy of the 2017 Withdrawal is attached hereto as **Exhibit C**.

10.     On October 30, 2017, the EEOC transmitted a letter to the Defendant's attorney confirming that the Plaintiff had withdrawn the 2017 Charge ("the Withdrawal Confirmation"). A true and correct copy of the EEOC's Withdrawal Confirmation is attached hereto as **Exhibit D**.

11.     On April 13, 2021, the Plaintiff filed a second charge of discrimination against the defendant with IDHR and EEOC ("the 2021 Charge"). A true and correct copy of the 2021 Charge is attached hereto as **Exhibit E**.

12.     The 2021 Charge alleged that the Plaintiff "began employment with [the defendant] in or around 2004" and that she was "subsequently *** discharged."

13.     The 2021 Charge stated that the Plaintiff believed the Defendant had discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).

14.     On May 4, 2021, EEOC issued the plaintiff a Notice of Right to Sue.

15.     On May 25, 2021, the Plaintiff filed this lawsuit.

16.     Pursuant to the terms of the Separation Agreement, the latest date upon which the Plaintiff could have been employed by the Defendant was December 31, 2017.

17.     By the Plaintiff's own admission, her last date of employment with the Defendant was December 31, 2017. See ECF No. 3, at 1; ECF No. 5, at 1.

18.     The Plaintiff has not alleged that district committed any acts of discrimination occurring after December 31, 2017, the date when the Plaintiff's employment with the Defendant ended.

19.     Notwithstanding her claim in the 2021 Charge that the Defendant somehow discriminated against her on January 28, 2021, based on the Plaintiff's admissions in ECF Nos. 3 and 5 that her last date of employment was December 31, 2017, and her failure to allege any specific acts of discrimination with respect to employment with the Defendant subsequent to December 31, 2017, based on the facts as alleged by the Plaintiff, the last day that the Defendant could have discriminated against the Plaintiff with respect to employment was December 31, 2017.

20.     "Because the ADA's enforcement provision expressly incorporates § 2000e–5 of Title VII, claims for discrimination under the ADA *** must be filed within 300 days 'after the alleged unlawful employment practice occurred.' " *Stepney v. Naperville School District 203*,

392 F.3d 236, 239 (7th Cir. 2004) (quoting 42 U.S.C. § 2000e–5(e)(1), *incorporated by* 42 U.S.C. § 12117(a)).

21.     Because the Plaintiff has admitted that her employment with the defendant ended on December 31, 2017, and she has not plausibly alleged any acts of employment discrimination after that time, the plaintiff had 300 days to file a charge of discrimination against the Defendant.

22.     Whether this defect is viewed as a statute of limitations problem or a failure to exhaust administrative remedies, the 2021 charge was clearly filed more than three years after the Defendant allegedly discriminated against the Plaintiff and is thus untimely. The Plaintiff's discrimination claim is therefore barred.

**WHEREFORE,** Defendant Huntley Community School District 158, sued as "School District 158," requests that judgment be entered in bar of the Plaintiff's complaint.

<u>**AFFIRMATIVE DEFENSE TWO: RELEASE**</u>

23.     Defendant Huntley Community School District 158, sued as "School District 158," incorporates paragraphs 1-22 of its Affirmative Defenses as if fully stated herein.

24.      "Release is an affirmative defense." *Caudill Seed & Warehouse Co., Inc. v. Rose*, 868 F.3d 558, 560 (7th Cir. 2017); see *ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017) ("[I]f a release bars a plaintiff's claims, whether the complaint states a claim does not matter.").

25.     On September 6, 2017, the Plaintiff and the Defendant entered into a Separation Agreement. See **Exhibit B**.

26.     Section 7(A) of the Separation Agreement states:

"Employee shall release, acquit and discharge the Board, its board members, employees, and agents of and from any actions, claims, demands, or causes of action

whatsoever, which Employee has or may have against them whether in law or equity, contract or tort, statutory or common law, which existed prior to the execution of this Agreement, whether arising under the laws of the State of Illinois or of any other state, or of the United States, including, without limitation, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Equal Pay Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the United States and Illinois Constitutions, the Illinois Human Rights Act, the Illinois School Code, and any other statute relating to employment or local government."

27.     The existence of the Separation Agreement and the Release contained in section 7(A) refutes and defeats the plaintiff's claim that the defendant "terminated the plaintiff's employment." ECF No. 1, ¶ 12.

28.     The existence of the Separation Agreement and the Release contained in section 7(A) refutes, defeats, and renders irrelevant the plaintiff's allegation that the defendant sent the plaintiff an email on January 28, 2021, stating that the defendant "was fired for seeking medical treatment." ECF No. 1, ¶ 13.

**WHEREFORE,** Defendant Huntley Community School District 158, sued as "School District 158," requests that judgment be entered in bar of the Plaintiff's complaint.

Huntley Community School District 158, Defendant.

By:      /s/ Jeffrey J. Gaster
                Jeffrey J. Gaster – IL Bar No. 6309061
                Miller, Hall & Triggs, LLC
                416 Main Street, Suite 1125
                Peoria, Illinois 61602
                Telephone: (309) 671-9600
                Facsimile: (309) 671-9616
                Email:  jeffrey.gaster@mhtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

In addition, I hereby certify that on November 23, 2021, I placed a copy of the foregoing in the United States Mail at Peoria, Illinois with First Class postage fully prepaid addressed to the following non-registered CM/ECF system participant:

Catherine Johnson
151 Bridlewood Circle
Lake in the Hills, Illinois 60156

  /s/ Jeffrey J. Gaster
Jeffrey J. Gaster – IL Bar No. 6309061
Miller, Hall & Triggs, LLC
416 Main Street, Suite 1125
Peoria, Illinois 61602
Telephone: (309) 671-9600
Facsimile: (309) 671-9616
Email:  jeffrey.gaster@mhtlaw.com